*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
February 25, 2021

v

No. 351369
Monroe Circuit Court
LC No. 17-243500-FC

DERRIUS JAVONTE THORNTON,

Defendant-Appellant.

Before: MURRAY, C.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, a second-offense habitual offender, MCL 750.157a, to 14 to 30 years' imprisonment for the armed robbery conviction, 14 to 30 years' imprisonment for the conspiracy to commit armed robbery conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

This is defendant's second appeal in this matter. See *People v Thornton (Thornton I)*, unpublished per curiam opinion of the Court of Appeals, issued May 9, 2019 (Docket No. 342181), p 1. This Court previously articulated the factual background of this case as follows:

This case arises out of the robbery of Jonathan Pennington in the late hours of March 9, 2017. On March 9, 2017, Skyler Pendleton contacted Pennington via Facebook and asked to purchase marijuana for himself and his friend. That friend was defendant. Pennington agreed to sell marijuana to Pendleton, and Pendleton requested that Pennington meet him at 1206 Vineyard Drive in Monroe Township, Michigan to complete the transaction.

Defendant and Pendleton[ ] were driven by Amanda Grider in Grider's truck to meet with Pennington. When Pennington arrived, Pendleton entered into the

-1-

passenger seat of his car and defendant got into the rear passenger seat. Pennington exited his car to pull the marijuana from the trunk, and then got back into the driver's seat and showed defendant and Pendleton the marijuana. As Pennington pulled a digital scale from the center console, defendant held a revolver to his head and showed Pennington that he and Pendleton were taking the marijuana. Pendleton grabbed the marijuana from Pennington's hands, and also attempted to take $2,000 cash from Pennington's pockets. As Pendleton reached into Pennington's pockets, Pennington attempted to push defendant away. Defendant then hit Pennington in his head with the revolver three or four times while defendant punched Pennington in the side. Pennington put his car in reverse and attempted to speed away, but lost control and hit a nearby house. Defendant and Pendleton got out of Pennington's car, got into Grider's truck, and drove away.

A friend of defendant's Melissa Baltrip, recalled that on March 11, 2017, defendant and a man named Frankie drove her home from a friend's house. While in the car, defendant mentioned an armed robbery from the night before where defendant had stolen marijuana. Defendant described hitting Pennington in the head with a gun, mentioned that Pendleton was involved, and that the robbery took place on the west side of Monroe Township. Defendant also mentioned that he and Pendleton chose to commit the robbery on the west side of town because the power was out due to a windstorm. [*Thornton I*, unpub op at 1.]

This Court affirmed defendant's convictions, but remanded for resentencing where the trial court had incorrectly scored Offense Variable (OV) 9, MCL 777.39, and OV 14, MCL 777.44, and "if the trial court properly calculated OVs 9 and 14, defendant's minimum sentence of 180 months in prison would be outside the correct guidelines minimum sentencing range." *Id*. at 4.

On remand, defendant was resentenced, and the minimum sentencing guidelines range of 81 months to 168 months imprisonment was calculated on the basis of an accurate calculation of OV 9 and OV 14. The trial court asked defendant and his counsel if they were satisfied with the presentencing investigation report (PSIR). In response, defense counsel informed the trial court that defendant's institutional record was missing from the PSIR:

Your honor, the report—updated report simply indicates that the changes which were ordered by the Michigan Court of Appeals, it says nothing about [defendant]'s institutional record. He was sentenced two years ago. During that time, it's my understanding, he's been ticket free for the last two years. He has employment. He's not eligible at this time for any educational opportunities due to the length of his sentence. None of that is indicated in the report.

Defense counsel asked the trial court to disregard the PSIR's recommendation to sentence defendant at the top of the guidelines, and instead impose a sentence within the middle of the guidelines minimum range instead. The trial court sentenced defendant as described *supra*, at the top of the guidelines range. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, defendant now challenges the proportionality of the sentence imposed on remand. "This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). A sentence can constitute an abuse of discretion "if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

## III. ANALYSIS

As defendant acknowledges, MCL 769.34(10) requires this Court to affirm any sentence that falls within "the appropriate guidelines sentence range . . . absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Contrary to defendant's assertion, *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), did not render MCL 769.34(10) invalid. See *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Thus, this Court is only "required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018).

On remand, the trial court did not rely on inaccurate or incomplete information in fashioning defendant's sentence. Although defendant's institutional history was not included in the PSIR, defense counsel aptly informed the trial court of this information prior to the imposition of defendant's sentence. As this Court has noted, "it is not particularly important how information gets before the trial court; rather, it is important that the trial court have the relevant information available for sentencing." *People v Odom*, 327 Mich App 297, 313; 933 NW2d 719 (2019) (holding that trial court that used an insufficiently updated presentencing report did not err because defense counsel informed the trial court of missing information). Thus, where defendant's minimum sentence falls within the recommended minimum sentencing guidelines range, he is not entitled to resentencing.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-3-